UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

MYRNA PALMORE                                                                                    PLAINTIFF

v.                                                                                    NO. 3:13-CV-00504-CRS

SERVICE MANAGEMENT SYSTEMS, INC.                                          DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the court on a motion to remand filed by Plaintiff Myrna Palmore ("Palmore") against Defendant Service Management Systems, Inc. ("SMS"). (DN 5). For the reasons set forth below, the court will grant Palmore's motion (DN 5) and remand this action to Jefferson Circuit Court.

**I.**

Palmore, an African-American female, was hired by SMS in October 2009. In June 2012, Palmore allegedly informed SMS officials that she was pregnant. Palmore contends that during the course of her pregnancy, she suffered complications which required her to be placed on bed rest from July 2012 until October 2012. Palmore claims that she was terminated from her employment with SMS because of her pregnancy. In addition, she asserts that her termination also resulted from several complaints she made to SMS officials of the company's allegedly unfair and discriminatory practices of promoting Caucasian employees who were less qualified than Palmore and had less seniority than Palmore and other African-American employees.

Palmore filed this action in Jefferson Circuit Court on or about April 25, 2013. The complaint raised several claims against SMS, including a claim for pregnancy discrimination/unlawful discharge and several claims for alleged violations of KRS § 344,

including discriminatory and unlawful discharge on the basis of a disability or perceived disability, failure to accommodate, race discrimination/hostile work environment, and retaliation. The complaint seeks the following damages: statutory remedies under KRS § 344; punitive damages; compensatory damages for past and future lost wages, past and future lost benefits, emotional distress, mental anguish, humiliation, and embarrassment; and fees, costs, expenses, and "all other relief" to which Palmore may be entitled.

On May 20, 2013, after being served with Palmore's complaint, SMS filed a notice of removal with this court on the basis of diversity jurisdiction and pursuant to 28 U.S.C. §§ 1441 and 1446. (DN 1). SMS contends that the court has original jurisdiction over the action because the parties are diverse and the amount in controversy exceeds $75,000. On May 29, 2013, Palmore moved to remand the action to Jefferson Circuit Court and argued that SMS failed to satisfy its burden of establishing this court's jurisdiction over the claims raised in the complaint. (DN 5). Having reviewed the parties' briefs and being otherwise sufficiently advised, the court will now consider Palmore's motion to remand.

## II.

Pursuant to 28 U.S.C. § 1441(a), a civil action filed in state court is removable only if it could have originally been brought in federal court. 28 U.S.C. § 1441(a). Thus, "a district court must remand a removed case if it appears that the district court lacks subject matter jurisdiction." *Chase Manhattan Mortg. Corp. v. Smith*, 507 F.3d 910, 913 (6th Cir. 2007). One source of original jurisdiction is diversity of citizenship jurisdiction, which is present only in cases "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). "A defendant seeking to remove a case to federal court has the burden of proving that the district court possesses

jurisdiction." *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 375 (6th Cir. 2007) (citing *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 155 (6th Cir. 1993)). "All doubts as to the propriety of removal are resolved in favor of remand." *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999) (citation omitted).

### III.

As the removing party, SMS bears the burden of establishing federal jurisdiction. *See Williamson*, 481 F.3d at 375. SMS argues that the court has original jurisdiction over this action pursuant to its diversity jurisdiction. Palmore appears to concede that the parties are diverse.[1] Thus, the sole issue before the court is whether the amount in controversy exceeds $75,000. Palmore argues that removal is improper because the total amount of damages she seeks to recover is less than $75,000, thus falling short of the amount in controversy threshold for diversity jurisdiction. To support this contention, Palmore submitted the following post-removal stipulation:

> Plaintiff asserts in the above cause of action, and any subsequent related state court action(s), that Plaintiff will not seek or accept damages in excess of $75,000.00, inclusive of punitive damages, attorneys' fees, and the fair value of any injunctive relief. This stipulation does not limit Plaintiff's ability to seek costs or interest on any judgments entered in her favor.

(DN 5-1). SMS argues that diversity jurisdiction is established because it is "more likely than not" that Palmore's complaint seeks damages in excess of $75,000.

Congress has recently amended 28 U.S.C. § 1446 to allow "a defendant to assert the amount in controversy in its notice of removal if removing from a jurisdiction where 'State

---

[1] In her state court complaint, Palmore alleges that "SMS is a foreign corporation doing business in Louisville, Jefferson County, Kentucky," (DN 1-1, ¶ 2) and her motion to remand does not challenge SMS's assertion of Tennessee citizenship. Attached to its notice of removal, SMS included a certificate of authorization from the Secretary of State of the Commonwealth of Kentucky, showing that SMS is a corporation organized under the laws of Tennessee with its principal office in Nashville, Tennessee. (DNs 1-3, 1-4). As Palmore has not challenged SMS's assertion of citizenship, the court finds that SMS is a foreign corporation organized under the laws of Tennessee with its principal place of business in Tennessee.

-3-

practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded.'" *Agri-Power, Inc. v. Majestic JC, LLC*, 2013 WL 3280244, *2 (W.D. Ky. June 27, 2013) (quoting 28 U.S.C. § 1446(c)(2)(A)(ii)). This provision is applicable in this case because "Kentucky both prohibits the demand for a specific sum and allows recovery beyond that demanded in the pleadings." *Id.* (citing Ky. R. Civ. P. 8.01(2), 54.03(2)). Thus, SMS may assert the amount in controversy in its notice for removal because Palmore did not and—under the Kentucky Rules of Civil Procedure—could not assert a demand for specific damages in her state court complaint.[2]

The Sixth Circuit has held that the party seeking removal must "show that it is 'more likely than not' that the plaintiff's claims meet the amount in controversy requirement," *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000), but that party is not required to "prov[e], to a legal certainty, that the plaintiff's damages are not less than the amount-in-controversy requirement." *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 573 (6th Cir. 2001) (citation omitted). In its notice of removal, SMS argues that Palmore could recover $46,000 for past lost wages, in addition to compensatory damages for future lost wages, past and future lost benefits, emotional distress, mental anguish, humiliation, and embarrassment, and potential punitive damages of four times a compensatory damages award. (DN 1, ¶¶ 9–12). Thus, Palmore could potentially recover more than $75,000 in this action. *See Spence v. Centerplate*, 931 F. Supp. 2d 779 (W.D. Ky. 2013) (holding that the defendant "established that Plaintiff's claims could exceed the amount in controversy" when it showed that the plaintiff could recover up to $17,540 in back pay, $35,100 in future wages, damages for humiliation and

---

[2] Palmore's state court complaint states that "[t]he amount in controversy, including costs and fees, is more than [the Jefferson Circuit Court's] jurisdictional minimum, but less than the amount of seventy-five thousand dollars ($75,000.00)" but, in accordance with Kentucky law, does not include a specific demand for damages. (DN 1-1, ¶ 5).

emotional distress, and punitive damages); *Proctor v. Swifty Oil Co., Inc.*, 2012 WL 4593409 (W.D. Ky. Oct. 1, 2012) (finding that the plaintiff's wrongful termination claim could exceed the amount in controversy requirement when the plaintiff earned $8.50 per hour and sought damages for front pay, back pay, punitive damages, emotional distress, unpaid wages, and attorneys' fees). Thus, SMS can satisfy the amount in controversy requirement as to Palmore's claims.

Despite this showing, Palmore can "stipulate that [she does] not seek, nor will [she] accept, damages in an amount exceeding $75,000, which would destroy the amount in controversy requirement for § 1332 jurisdiction." *Spence*, 931 F. Supp. 2d at 781 (citing *Cook v. Estate of Moore*, 2012 WL 5398064 (W.D. Ky. Nov. 2, 2012)). Although post-removal stipulations that reduce the amount in controversy below the jurisdictional threshold are generally disfavored, such stipulations can be used to clarify the demand for damages asserted in the plaintiff's complaint. *Agri-Power, Inc.*, 2013 WL 3280244, at *3. "This mechanism is helpful under Kentucky law, where plaintiffs cannot initially state an affirmative damages award in their complaint, so long as the plaintiff does not later reduce or change her demand by stipulation for the purpose of avoiding federal jurisdiction." *Spence*, 931 F. Supp. 2d at 781 (citing *Egan v. Premier Scales & Sys.*, 237 F. Supp. 2d 774, 778 (W.D. Ky. 2002)). The court will accept such a stipulation if it is clear and unequivocal. *Id.* at 781–82 (citation omitted).

This court has previously addressed the adequacy of amount in controversy stipulations. In several recent cases, we addressed language nearly identical to that used in Palmore's stipulation, and held that such language satisfies the unequivocal statement requirement. *See Jester v. Kenco Logistics Servs., LLC*, 2013 WL 6072994, *2 (W.D. Ky. Nov. 18, 2013) (finding that a stipulation was clear and unequivocal when it stated that "in the above cause of action, and any subsequent action(s), that Plaintiff will not seek or accept an award of damages in excess of

$74,999.00 inclusive of punitive damages, attorneys' fees, and the fair value of any injunctive relief"); *Spence*, 931 F. Supp. 2d at 782 (upholding a stipulation in which the plaintiff "stipulated that he will neither seek nor accept money in excess of the jurisdictional amount").

In the case at bar, Palmore stipulated that she would not seek or accept damages exceeding the jurisdictional threshold. This stipulation is similar to those made in *Jester* and *Spence* and, accordingly, satisfies the requirement that the stipulation be clear and unequivocal. *See Spence*, 931 F. Supp. 2d at 781 (citation omitted).

SMS is concerned that the stipulation may not be watertight in state court. We reiterate what we have stated in similar cases. While an unscrupulous party might seek to abuse the process, this court is placing absolute reliance upon counsel's statement limiting damages as an essential component of our order of remand. While the court has no doubt as to the unequivocal statement of Palmore, we note that any attempt to void the commitment will be considered to be sanctionable conduct and may justify re-removal. *See Jester*, 2013 WL 6072994, at *2; *Van Etten v. Boston Scientific Corp.*, 2009 WL 3485909, *2 (W.D. Ky. Oct. 23, 2009).

For the reasons set forth herein this date and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that Palmore's motion to remand (DN 5) is **GRANTED**. A separate order and judgment will be entered this date in accordance with this memorandum opinion and order.

**IT IS SO ORDERED.**

January 7, 2014

Charles R. Simpson III, Senior Judge
United States District Court